1 | *THOMAS E. MOSS*
*UNITED STATES ATTORNEY*
2 | **KIM R. LINDQUIST**
*ASSISTANT UNITED STATES ATTORNEY*
3 | *DISTRICT OF IDAHO*
*WELLS FARGO CENTER, SUITE 201*
4 | *877 WEST MAIN STREET*
*BOISE, IDAHO 83702*
5 | *TELEPHONE:  (208) 334-1211*
**MAILING ADDRESS:  P.O. BOX 32**
6 | **BOISE, IDAHO 83707**

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

OCT ~ 8 2002

M. REC'D
LODGED        FILED

15

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

16

17 | UNITED STATES OF AMERICA ) CR-02 197-C-EJL
 | )
18 | vs. ) I N D I C T M E N T
 | )
19 | LARRY E. RAUGUST, ) (Vio. 26 U.S.C. §§ 5861(d),
 | ) (e)(f), 5845(a) and (f); 5822,
20 | Defendant. ) 5812; 18 U.S.C. §§ 922(g)(2))
 | )

22 THE GRAND JURY CHARGES:

COUNT ONE
**POSSESSION OF ILLEGAL FIREARM**
(Vio. 26 U.S.C. § 5861(d), 5845(a) and (f))

On or about September 26, 2002, in the District of Idaho, **LARRY E. RAUGUST**, Defendant herein, possessed a firearm consisting of

*INDICTMENT - 1*

1  components that were actually and could be readily assembled into a
2  destructive device consisting of one piece of black pipe, six inches
3  long, with a three-quarter inch inside diameter.  The device contains
4  an end cap threaded on one end of the pipe that has a hole drilled in
5  the middle.   This hole contains the firing pin.   The firing pin
6  appears to be a needle bearing that has been filed halfway down its
7  length.   In the back of the end cap is a spring-loaded trigger
8  mechanism consisting of a rod with a butt plate attached.  The trigger
9  device slams the firing pin into a 12 gauge shotgun shell and causes
10 the device to function.   Inside the pipe is located the 12 gauge
11 shotgun shell cut about halfway down its length.  There is a slug in
12 front of the shotgun shell.  The slug appears to be made of lead or
13 some other soft metal.   In front of the slug are eleven pellets of
14 lead shot similar to buckshot.   The pellets are held in place by a
15 thin cardboard disk.  The Defendant intended to use the firearm and
16 destructive device as a weapon.  Said firearm and destructive device
17 was   not   registered   to   the   Defendant   in   the   National   Firearms
18 Registration  and  Transfer  Record.    (Said  firearm  and  destructive
19 device is designated as Exhibit 1 in the law enforcement investigative
20 records.)   All of this constitutes a violation of Title 26, United
21 States Code, Sections 5861(d) and 5845(a) and (f).

22

23                                COUNT TWO
                          **MAKING OF ILLEGAL FIREARM**
24                     (Vio. 26 U.S.C. §§ 5861(f) and 5822)

25      On or about September 26, 2002, within the District of Idaho,
26 **LARRY  E.  RAUGUST**,  Defendant  herein,  knowingly  made  the  firearm

*INDICTMENT - 2*

1  described in Count One hereof, which Count One is hereby incorporated
2  by reference herein, without filing an application with the
3  appropriate authority of the United States and thereby obtaining the
4  authorization to make and register said firearm; all in violation of
5  Title 26, United States Code, Sections 5861(f) and 5822.

6

7                          COUNT THREE
                    **TRANSFER OF ILLEGAL FIREARM**
8                 (Vio. 26 U.S.C. §§ 5861(e) and 5812)

9      On or about September 26, 2002, within the District of Idaho,
10 **LARRY E. RAUGUST**, Defendant herein, knowingly transferred to an
11 undercover Government agent a firearm described in Count One hereof,
12 which Count One is hereby incorporated by reference herein, without
13 filing an application with the appropriate authority of the United
14 States and thereby obtaining authorization for the transfer and
15 registration of said firearm to a transferee; in violation of Title
16 26, United States Code, Sections 5861(e) and 5812.

17

18                          COUNT FOUR
                   **POSSESSION OF ILLEGAL FIREARM**
19            (Vio. 26 U.S.C. § 5861(d), 5845(a) and (f))

20     On or about October 3, 2002, in the District of Idaho, **LARRY E.**
21 **RAUGUST**, Defendant herein, possessed a firearm consisting of
22 consisting of components that were actually and could be readily
23 assembled into a destructive device consisting of one piece of black
24 pipe, six inches long, with a three-quarter inch inside diameter. The
25 device contains an end cap threaded on one end of the pipe that has a
26 hole drilled in the middle. This hole contains the firing pin. The

*INDICTMENT - 3*

1  firing pin appears to be a needle bearing that has been filed halfway
2  down its length.   In the back of the end cap is a spring-loaded
3  trigger mechanism consisting of a rod with a butt plate attached.   The
4  trigger device slams the firing pin into a 12 gauge shotgun shell and
5  causes the device to function.   Inside the pipe is located the 12
6  gauge shotgun shell cut about halfway down its length.   There is a
7  slug in front of the shotgun shell.   The slug appears to be made of
8  lead or some other soft metal.   In front of the slug are eleven
9  pellets of lead shot similar to buckshot.   The pellets are held in
10  place by a thin cardboard disk.   The Defendant intended to use the
11  firearm and destructive device as a weapon.   Said firearm and
12  destructive device was not registered to the Defendant in the National
13  Firearms Registration and Transfer Record.   (Said firearm and
14  destructive device is designated as Exhibit 5 in the law enforcement
15  investigative records.)   All of this constitutes a violation of Title
16  26, United States Code, Sections 5861(d) and 5845(a) and (f).

17

18                              COUNT FIVE
                      **MAKING OF ILLEGAL FIREARM**
19                    (Vio. 26 U.S.C. §§ 5861(f) and 5822)

20      On or about September 26, 2002, within the District of Idaho,
21  **LARRY E. RAUGUST,** Defendant herein, knowingly made the firearm
22  described in Count Four, which is hereby incorporated by reference
23  herein, without filing an application with the appropriate authority
24  of the United States and thereby it obtain the approval to make and
25  register said firearm; all in violation of Title 26, United States
26  Code, Sections 5861(f) and 5822.

*INDICTMENT - 4*

COUNT SIX
**POSSESSION OF ILLEGAL FIREARM**
(Vio. 26 U.S.C. § 5861(d), 5845(a) and (f))

On or about October 3, 2002, in the District of Idaho, **LARRY E. RAUGUST,** Defendant herein, possessed a firearm consisting of components that were actually and could be readily assembled into a destructive device consisting of one piece of black pipe, six inches long, with a three-quarter inch inside diameter. The device contains an end cap threaded on one end of the pipe that has a hole drilled in the middle. This hole contains the firing pin. The firing pin appears to be a needle bearing that has been filed halfway down its length. In the back of the end cap is a spring-loaded trigger mechanism consisting of a rod with a butt plate attached. The trigger device slams the firing pin into a 12 gauge shotgun shell and causes the device to function. Inside the pipe is located the 12 gauge shotgun shell cut about halfway down its length. There is a slug in front of the shotgun shell. The slug appears to be made of lead or some other soft metal. In front of the slug are eleven pellets of lead shot similar to buckshot. The pellets are held in place by a thin cardboard disk. The Defendant intended to use the firearm and destructive device as a weapon. Said firearm and destructive device was not registered to the Defendant in the National Firearms Registration and Transfer Record. (Said firearm and destructive device is designated as Exhibit 6 in the law enforcement investigative records.) All of this constitutes a violation of Title 26, United States Code, Sections 5861(d) and 5845(a) and (f).

*INDICTMENT - 5*

COUNT SEVEN
**MAKING OF ILLEGAL FIREARM**
(Vio. 26 U.S.C. §§ 5861(f) and 5822)

On or about September 26, 2002, within the District of Idaho, **LARRY E. RAUGUST**, Defendant herein, knowingly made the firearm described in Count Six, which is hereby incorporated by reference herein, without filing an application with the appropriate authority of the United States and thereby it obtain the approval to make and register said firearm; all in violation of Title 26, United States Code, Sections 5861(f) and 5822.

COUNT EIGHT
**POSSESSION OF ILLEGAL FIREARM**
(Vio. 26 U.S.C. § 5861(d), 5845(a) and (f))

On or about October 3, 2002, in the District of Idaho, **LARRY E. RAUGUST**, Defendant herein, possessed a firearm consisting of a piece of black PVC pipe, approximately two inches in diameter and approximately six to twelve inches long, with two end caps glued on each end.  The pipe contains suspected black explosive powder. The device is initiated by an electric blasting cap.  The Defendant intended to use the firearm and destructive device as a weapon.  Said firearm and destructive device was not registered to the Defendant in the National Firearms Registration and Transfer Record.  (Said firearm and destructive device is designated as Exhibit 2 in the law enforcement investigative records.)  All of this constitutes a violation of Title 26, United States Code, Sections 5861(d) and 5845(a) and (f).

*INDICTMENT - 6*

COUNT NINE
**MAKING OF ILLEGAL FIREARM**
(Vio. 26 U.S.C. §§ 5861(f) and 5822)

On or about September 26, 2002, within the District of Idaho, **LARRY E. RAUGUST,** Defendant herein, knowingly made the firearm described in Count Eight, which is hereby incorporated by reference herein, without filing an application with the appropriate authority of the United States and thereby it obtain the approval to make and register said firearm; all in violation of Title 26, United States Code, Sections 5861(f) and 5822.


COUNT TEN
**POSSESSION OF ILLEGAL FIREARM**
(Vio. 26 U.S.C. § 5861(d), 5845(a) and (f))

On or about October 3, 2002, in the District of Idaho, **LARRY E. RAUGUST,** Defendant herein, possessed a firearm consisting of a piece of black PVC pipe, approximately two inches in diameter and approximately six to twelve inches long, with two end caps glued on each end. The pipe contains suspected black explosive powder. The device is initiated by an electric blasting cap. The Defendant intended to use the firearm and destructive device as a weapon. Said firearm and destructive device was not registered to the Defendant in the National Firearms Registration and Transfer Record. (Said firearm and destructive device is designated as Exhibit 3 in the law enforcement investigative records.) The Defendant intended to use the firearm and destructive device as a weapon. Said firearm and destructive device was not registered to the Defendant in the National Firearms Registration and Transfer Record. All of this constitutes a

*INDICTMENT - 7*

1 violation of Title 26, United States Code, Sections 5861(d) and

2 5845(a) and (f).

3

4                              COUNT ELEVEN
                      **MAKING OF ILLEGAL FIREARM**
5                   (Vio. 26 U.S.C. §§ 5861(f) and 5822)

6        On or about September 26, 2002, within the District of Idaho,

7 **LARRY E. RAUGUST**, Defendant herein, knowingly made the firearm

8 described in Count Ten, which is hereby incorporated by reference

9 herein, without filing an application with the appropriate authority

10 of the United States and thereby it obtain the approval to make and

11 register said firearm; all in violation of Title 26, United States

12 Code, Sections 5861(f) and 5822.

13

14                              COUNT TWELVE
                      **POSSESSION OF ILLEGAL FIREARM**
15                 (Vio. 26 U.S.C. § 5861(d), 5845(a) and (f))

16        On or about October 3, 2002, in the District of Idaho, **LARRY E.**

17 **RAUGUST**, Defendant herein, possessed a firearm consisting of a piece

18 of black PVC pipe, approximately two inches in diameter and

19 approximately six to twelve inches long, with two end caps glued on

20 each end.  The pipe contains suspected black explosive powder. The

21 device is initiated by an electric blasting cap.  The Defendant

22 intended to use the firearm and destructive device as a weapon.  Said

23 firearm and destructive device was not registered to the Defendant in

24 the National Firearms Registration and Transfer Record. (Said firearm

25 and destructive device is designated as Exhibit 4 in the law

26 enforcement investigative records.)  The Defendant intended to use the

*INDICTMENT - 8*

1  firearm and destructive device as a weapon.  Said firearm and
2  destructive device was not registered to the Defendant in the National
3  Firearms Registration and Transfer Record.  All of this constitutes a
4  violation of Title 26, United States Code, Sections 5861(d) and
5  5845(a) and (f).

6

7                          COUNT THIRTEEN
                      **MAKING OF ILLEGAL FIREARM**
8                  (Vio. 26 U.S.C. §§ 5861(f) and 5822)

9       On or about September 26, 2002, within the District of Idaho,
10 **LARRY E. RAUGUST**, Defendant herein, knowingly made the firearm
11 described in Count Twelve hereof, which Count Twelve is hereby
12 incorporated by reference herein, without filing an application with
13 the appropriate authority of the United States and thereby obtaining
14 authorization to make and register said firearm; all in violation of
15 Title 26, United States Code, Sections 5861(f) and 5822.

16

17                         COUNT FOURTEEN
                    **POSSESSION OF ILLEGAL FIREARM**
18              (Vio. 26 U.S.C. § 5861(d), 5845(a) and (f))

19      On or about October 3, 2002, in the District of Idaho, **LARRY E.**
20 **RAUGUST**, Defendant herein, possessed a firearm consisting of a piece
21 of black PVC pipe, approximately two inches in diameter and
22 approximately six to twelve inches long, with two end caps glued on
23 each end.  The pipe contains suspected black explosive powder. The
24 device is initiated by an electric blasting cap.  The Defendant
25 intended to use the firearm and destructive device as a weapon.  Said
26 firearm and destructive device was not registered to the Defendant in

*INDICTMENT - 9*

1  the National Firearms Registration and Transfer Record. (Said firearm

2  and destructive device is designated as Exhibit 7 in the law

3  enforcement investigative records.)  The Defendant intended to use the

4  firearm and destructive device as a weapon.   Said firearm and

5  destructive device was not registered to the Defendant in the National

6  Firearms Registration and Transfer Record.  All of this constitutes a

7  violation of Title 26, United States Code, Sections 5861(d) and

8  5845(a) and (f).

9

10                          COUNT FIFTEEN
                     **MAKING OF ILLEGAL FIREARM**

11                 (Vio. 26 U.S.C. §§ 5861(f) and 5822)

12      On or about September 26, 2002, within the District of Idaho,

13  **LARRY E. RAUGUST**, Defendant herein, knowingly made the firearm

14  described in Count Fourteen, which is hereby incorporated by reference

15  herein, without filing an application with the appropriate authority

16  of the United States and thereby it obtain the approval to make and

17  register said firearm; all in violation of Title 26, United States

18  Code, Sections 5861(f) and 5822.

19

20                          COUNT SIXTEEN
       **ILLEGAL POSSESSION OF FIREARM BY FUGITIVE FROM JUSTICE**

21                    (Vio. 18 U.S.C. § 922(g)(2))

22      On or about September 26, 2002, to on or about October 3, 2002,

23  in the District of Idaho, **LARRY E. RAUGUST**, Defendant herein,

24  knowingly possessed a firearm, namely, the firearms described in

25  Counts One, Four, Six, Eight, Ten, Twelve and Fourteen herein, which

26  Counts are hereby incorporated by reference hereto.  In addition, the

*INDICTMENT - 10*

1  Defendant knowingly possessed thirteen other firearms and

2  approximately 13,757 rounds of ammunition. The firearms and

3  ammunition had been shipped from one state to another and consisted of

4  components that had been shipped from one state to another. Moreover,

5  at the time of his possession of the firearms and ammunition, the

6  Defendant was a fugitive from justice. All of the foregoing

7  constitutes a violation of Title 18, United States Code, Section

8  922(g)(2).

9      DATED this __8__ day of October, 2002.

10                 A TRUE BILL

11

12                 _Thomas E Kurt_
                   FOREPERSON

13

14  THOMAS E. MOSS
    United States Attorney

15

16  Kim R. Lindquist
    Assistant United States Attorney

17

18

19

20

21

22

23

24

25

26

*INDICTMENT - 11*

# CRIMINAL COVERSHEET

DEFENDANT'S NAME: Larry E. Raugust

**Juvenile:** No

DEFENDANT'S
STREET ADDRESS:

**Service Type:**
Secret Warrant

**Interpreter:** No
If yes, language:

DEFENSE ATTORNEY:
ADDRESS:

TELEPHONE NO.:

CR-02 197-C EJL

INVESTIGATING    William R. Long
AGENT & AGENCY:  Federal Bureau of Investigation
TELEPHONE NO.:   (208) 664-5128

CASE INFORMATION: (List any miscellaneous, magistrate, CVB or other related defendants/case numbers).

## CRIMINAL CHARGING INFORMATION

_ Complaint        X Indictment        _ Information        _ Superseding Indictment

X Felony        _Class A Misdemeanor        _ Class B or C Misdemeanor (Petty Offense)

County of Offense: Clearwater        Estimated Trial Time: 5 days

| TITLE/SECTION | COUNT | BRIEF DESCRIPTION | PENALTIES (Include Supervised Release and Special Assessment) |
|---|---|---|---|
| 26 U.S.C. §§ 5861(d), 5845(a) and (f) | 1, 4, 6, 8, 10, 12, 14 | *Possession of Illegal Firearm* | *Each count: Incarceration for not more than 10 years and/or $10,000 fine; $100 special assessment; 3 years supervised release* |
| 26 U.S.C. §§ 5861(f), 5822 | 2, 5, 7, 9, 11, 13, 15 | *Making of Illegal Firearm* | *Each count: Incarceration for not more than 10 years and/or $10,000 fine; $100 special assessment; 3 years supervised release* |
| 26 U.S.C. §§ 5861(e), 5812 | 3 | *Transfer of Illegal Firearm* | *Incarceration for not more than 10 years and/or $10,000 fine; $100 special assessment; 3 years supervised release* |
| 18 U.S.C. § 922(g)(2) | 16 | *Illegal Possession of Firearm by Fugitive From Justice* | *Incarceration for not more than 10 years and/or $250,000 fine; $100 special assessment; 3 years supervised release* |

Date:    October 8, 2002

AUSA: Kim R. Lindquist
Telephone No.: (208) 334-1211